IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

JONATHAN D. LUCAS,

Defendant.                                                                 No. 09-30114-DRH

### ORDER

**HERNDON, Chief Judge:**

Before the Court is a Motion for Continuance (Doc. 17) filed by Defendant Jonathan D. Lucas. Defendant requests that the trial currently scheduled for March 15, 2010 be continued as Defendant is in negotiations with the Government regarding a plea agreement. Defendant argues that he needs additional time to complete the negotiations and additional time to prepare for trial if the case does not ultimately result in a plea. The Government does not object to the continuance. Based on the reasons in the motion, the Court finds that the trial should be continued in order to allow Defendant additional time in which to conclude plea negotiations with the Government. Further, the Court finds that pursuant to **18 U.S.C. § 3161(h)(7)(A)**, the ends of justice served by the granting of such a continuance outweigh the best interest of the public and Defendant in a speedy trial. To force a Defendant to trial on a case that appears to have great potential to resolve amicably would constitute a miscarriage of justice.

Accordingly, the Court **GRANTS** Defendant's Motion for Continuance

(Doc. 17).  The Court **CONTINUES** the trial scheduled for March 15, 2010 until **April 26, 2010 at 9:00 a.m.**  The time from the date the motion was filed, March 9, 2010, until the date on which the trial is rescheduled, April 26, 2010, is excludable for purposes of a speedy trial.

In continuing this trial, the Court also notes that Defendant was previously given twenty-one (21) days from the date of his arraignment in which to file pre-trial motions and complete discovery.  According to a recent Supreme Court decision, ***Bloate v. United States*, No. 08-728, — S. Ct. —, 2010 WL 757660, at \* 11 (2010)**, delays resulting from pre-trial motion preparation is not automatically excludable under **18 U.S.C. § 3161(h)(1)**, but requires case-specific findings under **18 U.S.C. § 3161(h)(7)**.  **See *Bloate*, 2010 WL 757660, at \*5**.  In light of the recent decision, the Court finds that the time granted to Defendant Lucas for preparation of pretrial motions and discovery was also excludable under **18 U.S.C. §3161(h)(7)(A)** as the justice served by the granting of such continuance outweighed the best interests of the public and Defendant in a speedy trial.  To force a Defendant to trial without adequate time to prepare would have constituted a miscarriage of justice.  Therefore, for purposes of the Order issued January 12, 2010, granting Defendant twenty-one (21) days in which to complete discovery and file pre-trial motions (Doc. 9), the Court notes that the time from the arraignment, January 12, 2010, until the date on which the twenty-one days expired, February 2, 2010, is excludable time for the purposes of speedy trial.

Should either party believe that a witness will be required to travel on the Justice Prisoner and Alien Transportation System (JPATS) in order to testify at the trial of this case, a writ should be requested at least two months in advance.

**IT IS SO ORDERED.**

Signed this 10th day of March, 2010.

/s/ David R Herndon

**Chief Judge
United States District Court**