IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

JONATHAN D. LUCAS,

Defendant.                                                          No. 09-30114-DRH

### ORDER

**HERNDON, Chief Judge:**

Before the Court is a Motion for Continuance (Doc. 21) filed by Defendant Jonathan D. Lucas. Defendant asks that the trial scheduled for April 26, 2010 be continued because Defendant's attorney needs additional time to prepare for trial. The motion states that the Defendant's attorney believed that this case would be a plea and that he recently learned that a plea was not possible and therefore has not yet had time to prepare for a trial in this case. The Government does not object to the continuance. The Court therefore finds that the trial should be continued so that Defendant will have time to adequately prepare for trial. Further, the Court finds pursuant to **18 U.S.C. § 3161(h)(7)(A)**, the ends of justice served by the granting of such a continuance outweigh the best interests of the public and Defendant in a speedy trial. To force a Defendant to trial without adequate time to prepare would constitute a miscarriage of justice.

Accordingly, the Court **GRANTS** Defendant's Motion for Continuance (Doc. 21). The Court **CONTINUES** the trial currently scheduled for April 26, 2010

until **June 22, 2010 at 9:00 a.m.**  The time from the date the motion was filed, April 19, 2010, until the date on which the trial is rescheduled, June 22, 2010, is excludable for purposes of a speedy trial.

In continuing the trial, the Court also notes that Defendant Lucas was previously given twenty-one (21) days from the date of his arraignment in which to file pre-trial motions and complete discovery.  According to a recent Supreme Court decision, ***Bloate v. United States*, No. 08-728, – S. Ct. –, 2010 WL 7576600, at * 11 (2010)**, delays resulting from pre-trial motion preparation is not automatically excludable under **18 U.S.C. § 3161 (h)(1)**, but requires case-specific findings under **18 U.S.C. § 3161(h)(7)**.  ***See Bloate*, 2010 WL 757660, at * 5**.  In light of the recent decision, the Court finds that the time granted to Defendant for preparation of pretrial motions and discovery was also excludable under **18 U.S.C. § 3161(h)(7)(A)** as the ends of justice served by the granting of such a continuance outweighed the best interests of the public and Defendant in a speedy trial.  To force a Defendant to trial without adequate time to prepare would have constituted a miscarriage of justice.  Therefore, for purposes of the Order issued January 12, 2010, granting Defendant twenty-one (21) days in which to complete discovery and file pre-trial motions (Doc. 9), the Court notes that the time from the arraignment, January 12, 2010, until the date on which the twenty-one days expired, February 2, 2010, is excludable time for the purposes of speedy trial.

Should either party believe that a witness will be required to travel on

the Justice Prisoner and Alien Transportation System (JPATS) in order to testify at the trial of this case, a writ should be requested at least two months in advance.

**IT IS SO ORDERED.**

Signed this 20th day of April, 2010.

/s/    David R Herndon
**Chief Judge
United States District Court**