IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

JONATHAN D. LUCAS,

Defendant.  No. 09-30114-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Before the Court is a letter filed by Defendant Jonathan D. Lucas which the court has construed to be a motion for transcripts (Doc. 46). Specifically, Defendant Lucas indicates that he "would like [his] sentencing transcripts" but he offers no further explanation. Based on the following, the Court **DISMISSES** the motion (Doc. 46) for lack of jurisdiction.

Once a district court enters final judgment (which in a criminal case is at the time of sentencing) it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. ***See, e.g., Carlisle v. United States*, 517 U.S. 416 (1996).** The following post-judgment motions are allowed if timely filed. Under **Federal Rule of Criminal Procedure 35**, revision is proper only within seven days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a **Rule 33** motion for a new trial based on new evidence must be brought within three years after the verdict and a **Rule 33** motion for new trial based on other grounds must be brought within seven days after the verdict.

Lastly, a collateral attack under **28 U.S.C. § 2255** has a one year statute of limitations.

Here, clearly Lucas's motion does not fall within any of the above post-judgment motions. In fact, the only remaining post-judgment motions available to Lucas as a result of the statute of limitations would be a **Rule 33** motion for a new trial based on new evidence or a collateral attack under **28 U.S.C. § 2255**. He has brought neither of those motions. Thus, the Court lacks jurisdiction to hear his motion.

Not only that, the transcript Lucas seeks has not even been prepared. When transcripts have not been prepared, a defendant has a right to have transcripts prepared at the Government's expense under limited circumstances. This right is dependent upon: (1) whether the defendant can establish that he is indigent, and (2) whether the transcript is needed to decide an issue presented by a *pending* and non-frivolous actions. *See* **28 U.S.C. § 753(f) (emphasis added)**. These requirements do not violate the Constitution. *See United States v. Maccollom*, **426 U.S. 317, 326 (1976)("We think it enough at the collateral-relief stage that Congress has provided that the transcript be paid for by public funds if one demonstrates to a district judge that his § 2255 claims is not frivolous, and that the transcript is needed to decide the issue presented.")**. Further, **§ 753(b)**, as construed by the Seventh Circuit, allows an indigent defendant to obtain free copies of documents in the court's file if he shows that he has exhausted all other means of access to the file and that documents requested are necessary for the preparation of some specific non-frivolous court action. *See United States v. Wilkinson*, **618 F.2d 1215,**

1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977).

Here, Lucas fails to demonstrate any of the above requirements needed to have transcripts prepared at the Government's expense . Further, he has not filed a **§ 2255** motion, a prerequisite to obtaining preparation of transcripts under **§ 753(f)**. *United States v. Horvath*, 157 F.3d 131, 132-33 (2nd Cir. 1998)(collecting cases). Because Lucas has not yet filed a **§ 2255** motion, he is not eligible for transcripts under **§ 753(f)**. The motion for transcripts (Doc. 46) is **DISMISSED** for lack of jurisdiction.

**IT IS SO ORDERED.**

Signed this 2nd day of March, 2011.

David R. Herndon
2011.03.02 15:00:45
-06'00'

**Chief Judge
United States District Court**